UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

HARVEY SILVERMAN, SILVERMAN
PARTNERS, L.P. AND KAREN SILVERMAN,

                Plaintiffs,

                                                      **ORDER**
    -against-                                     **CV-09-1371(SJF)(AKT)**

WACHOVIA BANK, N.A. and MARC ROBERTS,

                Defendants.
----------------------------------------------------------X

FEUERSTEIN, J.

On April 2, 2009, First Bank ("First Bank") commenced this action against Harvey Silverman, Silverman Partners, L.P., and defendant Marc Roberts ("Roberts") pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, seeking, *inter alia*, to recover on the value of a loan it had advanced pursuant to a certain credit agreement. On that same date, First Bank filed a notice of removal pursuant to 28 U.S.C. § 1446 removing an action that had been previously filed by Harvey Silverman, Silverman Partners, L.P. and Karen Silverman (collectively, "the Silvermans") against First Bank and Deutsche Bank Trust Company Americas ("Deutsche Bank") in the Supreme Court of the State of New York, County of Suffolk on March 13, 2009, to this Court on the basis of this Court's diversity jurisdiction, 28 U.S.C. §§ 1332 and 1441 ("the removed action"). The complaint filed in the removed action alleged, *inter alia*, breach of the same credit agreement underlying this action. The removed action was assigned to the Honorable Arthur D. Spatt.

On May 19, 2009, Roberts commenced an action against the Silvermans in the United

1

States District Court for the Southern District of Florida for breach of contract ("the Florida action"), seeking, *inter alia*, judgment declaring that the Silvermans shared a burden in the debt owed by both parties to various banks, including First Bank and Wachovia Bank, N.A. ("Wachovia").

On June 8, 2009, the Silvermans filed an amended complaint in the removed action joining Roberts, Wachovia, Pacific Mercantile Bank ("Pacific Mercantile") and L. Sheri Grady-Merkle and Wealth Guard Advisory Services, LLC (collectively, the "Grady defendants") as additional defendants. In that amended complaint, the Silvermans alleged, *inter alia*: (1) that Roberts, their former business partner, orchestrated a complex scheme pursuant to which he procured and drew on loans from certain banks, including First Bank and Wachovia[1] (collectively, "the Banks"), by misrepresenting himself to be an agent of the Silvermans; (2) that Roberts then misappropriated those funds for his own benefit; (3) that Roberts also falsely obtained a guarantee by the Silvermans of the debts of a company owned by Roberts, HARC Financial 44-01 LLC ("HARC Financial"); (4) that Roberts then absconded with the money invested in HARC Financial leaving the Silvermans liable to the investors for Roberts's debt; (5) that the Banks aided and abetted Roberts's breach of fiduciary duty and fraud by allowing him to draw on lines of credit and to transfer money without question, notwithstanding certain "red flags" indicating that Roberts did not represent the Silvermans and was perpetrating a fraud upon them; (6) that the Banks breached certain loan agreements by, *inter alia*, allowing Roberts to improperly borrow money against the credit lines; and (7) that the Grady defendants assisted

---

[1] By orders entered August 6, 2009 and February 23, 2010, the Silvermans voluntarily dismissed their claims against Pacific Mercantile and Deutsche Bank, respectively, in the removed action with prejudice.

2

Roberts in obtaining funds from the Banks and in raising funds for HARC Financial with knowledge of his improper purposes.

On the same date that the Silvermans filed their amended complaint in the removed action, they also filed in this action: (1) cross-claims against Roberts, *inter alia*, for breach of fiduciary duty and fraud; and (2) counterclaims against First Bank and a third-party complaint against the Grady defendants, *inter alia*, for aiding and abetting Roberts's alleged breach of fiduciary and fraud, all of which are based upon the same purported schemes perpetrated by Roberts and the same underlying credit agreements.

Prior to answering the cross-claims, counterclaims and third-party complaint, Roberts, First Bank and the Grady defendants, respectively, moved, *inter alia*, to dismiss the Silvermans' claims against them in this action. Those motions were referred to Magistrate Judge A. Kathleen Tomlinson for reports and recommendations in accordance with 28 U.S.C. § 636(b).

Between July 16, 2009 and September 14, 2009, First Bank, the Grady defendants, Wachovia and Roberts, respectively, all separately moved before Judge Spatt to, *inter alia*, dismiss the claims asserted against them in the amended complaint in the removed action. Roberts also moved before Judge Spatt, in the alternative, to stay the claims against him in the removed action pending resolution of the Florida action.

By letter application dated November 24, 2009, the Silvermans moved to consolidate the removed action with this case.

On December 7, 2009, the Silvermans voluntarily withdrew their claims against Roberts, First Bank and the Grady defendants in this action pursuant to Rule 41(a) and (c) of the Federal

Rules of Civil Procedure.[2]

On December 8, 2009, the Silvermans moved before Judge Spatt to amend, correct or supplement their amended complaint in the removed action, *inter alia*, to assert seventeen (17) causes of action, including a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and to add sixteen (16) additional defendants, primarily comprising entities owned or controlled by Roberts and/or alleged associates of Roberts. The proposed second amended complaint in the removed action alleges essentially the same schemes purportedly perpetrated by Roberts, albeit in greater detail, as well as claims that the Silvermans's signatures on certain loan-related documents for First Bank and Wachovia were forged or obtained by Roberts through fraud and that Roberts improperly drew funds in the Silvermans's names at certain other banks not named as defendants.

By order entered in the removed action on February 22, 2010, Judge Spatt, *inter alia*: (1) denied the branches of the Silvermans's motion seeking to amend the amended complaint as against First Bank and the Grady defendants; (2) granted the branch of the Silvermans's motion seeking to amend the amended complaint to assert claims against Wachovia for (a) negligence and breach of contract based upon Roberts's withdrawal of funds from the Wachovia credit line on June 8, 2007 and (b) negligence based upon Wachovia's acceptance of a putative power of attorney and advancement of funds to Roberts based upon that power of attorney, but otherwise denied the branch of the Silvermans's motion seeking to amend the amended complaint as

---

[2] Accordingly, by order entered February 4, 2010, I accepted, without objection, the Report and Recommendation of Magistrate Judge Tomlinson dated January 4, 2010, recommending that the motions to dismiss the complaint in this action filed by Roberts, First Bank and the Grady defendants "be deemed WITHDRAWN as moot" and denied those motions as moot.

4

against Wachovia; (3) granted the branch of the Silvermans's motion seeking to amend the amended complaint as against Roberts; (4) granted the branch of the Silvermans's motion seeking to amend the amended complaint to assert claims against additional defendants, with the exception that the branch of the motion seeking to add Werner Grady Associates as a defendant was denied; (5) granted the motions of First Bank, Wachovia and the Grady defendants to dismiss the amended complaint in the removed action as against those parties; (6) denied Roberts's motion to dismiss the amended complaint in the removed action as against him or, in the alternative, to stay that action; and (7) reassigned the removed action to me. Judge Spatt found, in relevant part, *inter alia*, that the amended complaint and/or proposed second amended complaint in the removed action failed to state a claim against Wachovia, among others: (1) for aiding and abetting Roberts's fraud, breach of fiduciary duty and conversion because they did not allege in sufficient detail that Wachovia had actual knowledge of the fraud or breach, (id. at 25-7); (2) under RICO, because they did not allege "facts that give rise to a strong inference of [Wachovia's] fraudulent intent," (id. at 28); and (3) for breach of contract relating to Wachovia's alleged failure to monitor and investigate Roberts's other accounts at Wachovia because "Wachovia cannot be said to have breached the promissory notes by failing to request more background information from the borrowers, or by failing to insure that the loan proceeds were used as required." (Id. at 23).

With respect to the Silvermans's negligence claims against Wachovia, Judge Spatt held: (a) that "a bank plainly has a duty not to advance proceeds from a customer's loan to a person who is not authorized to receive those funds," (2/22/10 Order at 22); (b) that the Silvermans stated a "plausible claim for negligence against Wachovia based on [their] allegations [that

5

'Roberts presented Wachovia with the putative power of attorney after Wachovia had already advanced funds to Roberts, and that Wachovia never contacted the [Silvermans] to verify its validity']," (id.); and (c) that "Wachovia did not owe the [Silvermans] a separate duty of care with respect to the monitoring [of] the other accounts of Roberts at Wachovia," (id. at 23).

The removed action was reassigned to me on February 23, 2010.

On March 8, 2010, the Silvermans moved, *inter alia*, for reconsideration of so much of Judge Spatt's February 22, 2010 order as dismissed and/or denied them leave to amend their contract claims, aiding and abetting claims and negligence claims as against Wachovia.

By order dated March 23, 2010, I granted the Silvermans's motion to consolidate the removed action with this action for all purposes and directed that the actions proceed, as consolidated, under the docket number assigned to this action, 09-cv-1371.

By order entered June 4, 2010, the Grady defendants were voluntarily dismissed from this action. By order dated July 15, 2010, First Bank's and the Silvermans's respective claims against each other, and First Bank's claims against Roberts, were voluntarily dismissed.[3] Accordingly, and since the Silvermans have never filed a second amended complaint in accordance with Judge Spatt's February 22, 2010 order, the only claims remaining in this action are the claims of the Silvermans, as consolidated plaintiffs, against Wachovia and Roberts.

I. Discussion

---

[3] Accordingly, the branches of the Silvermans's motion seeking reconsideration of so much of Judge Spatt's February 22, 2010 order as dismissed the contract claims against First Bank and entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure are denied as moot.

A.  Standard[4]

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Newton v. City of New York, ___ F.Supp.2d ___, 2010 WL 3584012, at * 11 (S.D.N.Y. Sept. 14, 2010); East Coast Resources, LLC v. Town of Hempstead, 707 F.Supp.2d 401, 413 (E.D.N.Y. 2010), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Cornwell v. Credit Suisse Group, ___ F.Supp.2d ___, 2010 WL 3069597, at * 7 (S.D.N.Y. July 27, 2010); Hinds County, Miss. v. Wachovia Bank N.A. 708 F.Supp.2d 348, 369 (S.D.N.Y. 2010).

In determining a motion for reconsideration, the court should consider: (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. See Montblanc-Simplo GmbH v. Colibri Corp., ___ F.Supp.2d ___, 2010 WL 3614164, at * 3 (E.D.N.Y. Sept. 7, 2010); Cornwell, ___

---

[4] Although the Silvermans move for reconsideration pursuant to both Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure, since no judgment has yet been entered in this action, their reliance on Rule 59(e) is misplaced. Accordingly, I deem their motion to be one for reconsideration pursuant to Local Civil Rule 6.3 only.

7

F.Supp.2d ___, 2010 WL 3069597m at * 7; Hinds County, 708 F.Supp.2d at 369.

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, reconsideration should not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. Aug. 13, 2008) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); Adams v. Warner Bros. Pictures, 289 Fed. Appx. 456, 458 (2d Cir. Aug. 13, 2008) (holding that a moving party may not seek to introduce additional factual assertions on a motion for reconsideration); (2) advances new arguments or issues that could have been raised on the original motion, see Adams, 289 Fed. Appx. at 458 n. 2 (holding that on a motion for reconsideration, a court should not entertain arguments not raised on the original motion or mentioned for the first time on reply); Newton, ___ F.Supp.2d ___, 2010 WL 3584012, at * 11 (holding that reconsideration "is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal." (internal quotations and citations omitted)); or (3) "is solely attempting to relitigate an issue that already has been decided," New York v. Parenteau, 382 Fed. Appx. 49, 50 (2d Cir. June 24, 2010); Lesch v. U.S., 372 Fed. Appx. 182, 183 (2d Cir. April 20, 2010). See, e.g. Montblanc-Simplo, ___ F.Supp.2d ___, 2010 WL 3614164, at * 3.

It is within the sound discretion of the district court whether or not to grant a motion for

reconsideration. See Anwar v. Fairfield Greenwich Ltd., ___ F.Supp.2d ___, 2010 WL 4739949, at * 1 (S.D.N.Y. Nov. 16, 2010); Metso Materials, Inc. v. Powerscreen Intern. Distribution Ltd., ___ F.Supp.2d ___, 2010 WL 2731023, * 2 (E.D.N.Y. July 9, 2010).

### B. Tort Claims

#### 1. Choice of Law

The Silvermans initially contend that Judge Spatt failed to conduct a choice of law analysis and incorrectly applied New York law to their tort claims against Wachovia. According to the Silvermans, the relevant loan documents require the application of Florida law to their tort claims against Wachovia. Wachovia contends that the Silvermans improperly raise the choice of law issue for the first time on reconsideration and implicitly consented to the application of New York law to their tort claims by relying on New York law on the original motions.

The Silvermans did not address the choice of law issue in their original motion to amend. In opposition to the Silvermans's motion to amend, Wachovia argued that the proposed second amended complaint failed to state claims, *inter alia*, for negligence, unjust enrichment and aiding and abetting fraud under New York law. In reply, the Silvermans did not contest Wachovia's reliance on New York law and did not argue that Florida law applied to their tort claims. Indeed, the Silvermans did not cite to any Florida law in support of their negligence claims, instead relying largely on federal cases applying New York or federal common law, e.g. de Kwiatkowski v. Bear, Stearns & Co., Inc., 306 F.3d 1293, 1311 (2d Cir. 2002); Hargrave v. Oki Nursery, Inc., 636 F.2d 897, 899 (2d Cir. 1980) (citing Channel Master Corp. v. Aluminum Ltd. Sales, Inc., 4 N.Y.2d 403, 408 (1958)); F.D.I.C. v. Bober, No. 95 Civ. 9529, 2002 WL 1929486, at * 1

(S.D.N.Y. Aug. 19, 2002); Dubai Islamic Bank v. Citibank, N.A., 126 F.Supp.2d 659, 667 (S.D.N.Y. 2000); Neilan v. Value Vacations, Inc., 116 F.R.D. 431, 433-4 (S.D.N.Y. 1987); or on New York law, e.g. Novak v. Greater N.Y. Sav. Bank, 30 N.Y.2d 136, 142 (1972). Likewise, the Silvermans relied on New York cases to support their aiding and abetting claims, Kirschner v. Bennett, 648 F.Supp.2d 525, 544 (S.D.N.Y. 2009); Fraternity Fund Ltd. v. Beacon Hill Asset Management, LLC, 479 F.Supp.2d 349, 368 (S.D.N.Y. 2007); Cromer Finance Ltd. v. Berger, No. 00 Civ. 2284, 2003 WL 21436164, at * 9 (S.D.N.Y. June 23, 2003), although they additionally cited two (2) Florida cases as being in accord with New York law, e.g. Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd., No. 05-60080-civ, 2008 WL 926509, at * 6-7 (S.D. Fla. Mar. 31, 2008); Smith v. First Union Nat. Bank, No. 00-4485-CIV, 2002 WL 31056104, at * 2-3 (S.D. Fla. Aug. 23, 2002). Accordingly, the Silvermans impliedly consented to the application of New York law to their tort claims. See, e.g. Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 39 (2d Cir. 2009) (holding that where the parties' briefs assume that New York law governs the issues presented, such implied consent is sufficient to establish the applicable choice of law); International Business Machines Corp. v. Liberty Mutual Fire Ins. Co., 303 F.3d 419, 423 (2d Cir. 2002) (accord).

In any event, the Silvermans cannot now argue for reconsideration on a ground not previously advanced by them on the original motions. See, e.g. Newbro v. Freed, No. 06-1722-cv, 2007 WL 642941, at * 2 (2d Cir. Feb. 27, 2007) (finding that the district court did not abuse its discretion in failing to consider an argument raised for the first time on reconsideration); National Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Companies, Inc. 265 F.3d 97, 115 (2d Cir. 2001) (accord); U.S. Gas & Elec., Inc. v. Big Apple Energy, LLC, 705 F.Supp.2d 216, 219

(E.D.N.Y. 2010) ("[A] motion for reconsideration is not designed to give a party the opportunity to advance new facts, issues, or arguments not previously presented to the Court." (internal quotations and citation omitted)).

### 2. Aiding and Abetting Claims

The Silvermans contend that Judge Spatt erred, *inter alia*: (1) in holding that Rule 9(b) of the Federal Rules of Civil Procedure "requires the plaintiffs to allege facts that give rise to a strong inference that Wachovia had actual knowledge of the alleged fraud by Robert * * * [since] Rule 9(b) only requires the circumstances constituting the fraud to be pled with particularity," (Id. at 9) (quotations, citations and emphasis omitted); (2) in "holding that nothing short of actual knowledge satisfies the knowledge requirement," since "allegations of conscious avoidance can suffice to show actual knowledge," (Silvermans' Memorandum of Law in Support of their Motion for Reconsideration [Silvermans Mem.], at 8-9); and (3) in finding that the only factual allegations showing that Wachovia should have been put on notice of Roberts's fraud were that Roberts opened multiple accounts at Wachovia and transferred money between those accounts.

In response, Wachovia contends, *inter alia*: (1) that Judge Spatt correctly held that an "aiding and abetting fraud" claim requires proof of actual knowledge of the underlying fraud; (2) that Judge Spatt properly applied Rule 9(b); and (3) that Judge Spatt properly found that the factual allegations in the proposed second amended complaint, taken as a whole, are insufficient to give rise to a strong inference of actual knowledge of the fraud.

Contrary to the Silvermans's contention, Judge Spatt did not misapply Rule 9(b)'s heightened pleading requirement to their fraud claims. As recognized by Judge Spatt, "Rule 9(b)

11

permits '[m]alice, intent, [and] knowledge,' to be averred generally," but nevertheless requires a plaintiff to allege sufficient facts "giv[ing] rise to a strong inference of fraudulent intent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006); Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 187 (2d Cir. 2004); Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995). Accordingly, the Silvermans were required to allege "particularized facts to support the inference that [Wachovia] acted recklessly or with fraudulent intent." Eternity Global, 375 F.3d at 187.

Moreover, Judge Spatt did not misapply the law with respect to the Silvermans's aiding and abetting claims against Wachovia. Under New York law, actual knowledge of the fraud is required in order to impose liability upon an aider and abettor, see Rosner v. Bank of China, 349 Fed. Appx. 637, 638 (2d Cir. Oct. 21, 2009); Lerner, 459 F.3d at 292, and factual allegations indicating only that the defendant suspected fraudulent activity does not raise an inference of actual knowledge of the fraud. Rosner, 349 Fed. Appx. at 638; Lerner, 459 F.3d at 292-3. Even considering all of the Silvermans's factual allegations against Wachovia in the proposed second amended complaint, at most those allegations "only go so far as to suggest that [Wachovia] *should* have known that something was amiss * * *. [S]uch a showing is insufficient to support an aiding and abetting claim under New York law." Rosner, 349 Fed. Appx. at 639-40 (emphasis in original).

3. Negligence Claims

The Silvermans contend that Judge Spatt, *inter alia*: (1) misconstrued the facts and misapplied the law in holding that if the loan agreements were invalid, "[g]enerally, banks owe

no duty of care to their non-customers," (Silvermans Mem. at 12), because the Silvermans were Wachovia's customers regardless of whether or not the loan agreements were valid; and (2) erred in holding that Wachovia did not owe the Silvermans a separate duty of care to monitor the other accounts Roberts maintained with it or to report Roberts's activities with respect to those other accounts to the Silvermans. According to the Silvermans, Wachovia's duty to monitor and investigate Roberts's accounts was not separate from, but rather was "part and parcel to," its duty to manage the Silvermans's line of credit, which Judge Spatt found to exist. In addition, the Silvermans contend that Wachovia knew or should have known that Roberts was defrauding them and, thus, it had a duty to disclose all relevant facts to them. Moreover, the Silvermans contend that Judge Spatt erred in "mak[ing] a broad and generalized finding" that the laws and rules cited by them could not form the basis for a negligence claim because they "are intended to protect the banks and the general public from harm[,] * * * [and] not * * * to protect borrowers from harm done by co-borrowers." (Silvermans Mem., at 16). According to the Silvermans, "there is no basis to segregate [them] from the rest of the general public."

In response, Wachovia contends, *inter alia*: (1) that the Silvermans confuse Judge Spatt's holding with respect to the negligence claims against Wachovia with his holding dismissing the negligence claims against First Bank, and that Judge Spatt properly based his holding on the negligence claims against Wachovia on the duties it owed the Silvermans as its customers; and (2) that the Silvermans merely disagree with Judge Spatt's holding regarding their negligence claims against Wachovia and fail to point to any controlling precedent or factual matters overlooked by Judge Spatt with respect to those claims.

Contrary to the Silvermans's contention, Judge Spatt based his decision regarding their

13

negligence claims on the premise that "banks do owe a duty of care to customers." (2/22/10 Order, at 22). The Silvermans have not otherwise established that Judge Spatt misconstrued the facts or misapplied New York law to their negligence claims. Although the Silvermans now rely on Florida law to support their claims, as stated above, they cannot advance such new arguments for the first time on reconsideration and impliedly consented to the application of New York law to their negligence claims on the original motions. Accordingly, reconsideration is not warranted of the branch of Judge Spatt's order dismissing certain of the Silvermans's negligence claims against Wachovia.

### C. Contract Claims

The Silvermans contend that Judge Spatt erred in finding: (1) that, as a matter of law, the provisions of the Wachovia loan documents requiring Wachovia to request background information from the borrowers or to insure that the loan proceeds were used as required were solely for its own benefit; and (2) that Wachovia waived those provisions. According to the Silvermans, the issues of for whose benefit those provisions were included in the loan documents and of whether a condition precedent has been waived are questions of fact. Moreover, the Silvermans contend that the Wachovia loan documents expressly preclude any waivers unless made in writing and signed by an officer of Wachovia.

In response, Wachovia contends that the Silvermans: (1) ignore that the Wachovia loan documents did not contain "conditions precedent" to Wachovia's loan obligations and were not "tripartite" in nature; and (2) mischaracterize Judge Spatt's holding as finding that Wachovia waived certain provisions of the loan documents when, in fact, Judge Spatt held only that

14

Wachovia's failure to enforce provisions in the loan documents that imposed obligations only on the borrowers does not constitute a breach of contract.

Wachovia is correct. Judge Spatt did not hold, as the Silvermans contend, that Wachovia waived any provision of the loan documents. Rather, Judge Spatt held that the Silvermans failed to state a plausible cause of action for breach of contract against Wachovia based upon Wachovia's failure to enforce provisions in the loan documents imposing certain obligations upon the Silvermans, as the borrowers. Judge Spatt's holding is in accordance with Florida law, which the Silvermans do not dispute applies to their breach of contract claims.[5] In order to state a breach of contract claim under Florida law, the plaintiff must allege: (1) the existence of a valid contract; (2) "the obligation thereby assumed;" and (3) a breach of that obligation by the defendant. Industrial Medicine Pub. Co. v. Colonial Press of Miami, Inc., 181 So.2d 19, 20 (Fla. 3d DCA 1966); see also Friedman v. New York Life Ins. Co., 985 So.2d 56, 58 (Fla. 4th DCA 2008), review denied, 23 So.3d 711 (Fla. 2009); Breakers of Fort Walton Beach Condominiums, Inc. v. Atlantic Beach Management, Inc., 552 So.2d 274, 276 (Fla. 1st DCA 1989); Perry v. Cosgrove, 464 So.2d 664, 667 (Fla. 2d DCA 1985). Since the relevant provisions of the loan documents impose obligations upon the Silvermans, as borrowers, and not upon Wachovia, the

---

[5] In its opposition to the Silvermans's original motion to amend, Wachovia indicated that "Florida substantive law applies to the breach of contract claim in this case based on the clear choice-of-law provision in the Third Note." (Wachovia's Memorandum of Law in Opposition to the Silvermans' Motion to Amend [Wachovia Mem.], at 7). Although the Silvermans did not directly address this issue in their reply, they, too, relied on Florida law. (Silvermans' Memorandum of Law in Further Support of their Motion for Leave to File a Second Amended Complaint [Silvermans Reply], at 9). The Silvermans also fail to address this issue on their motion for reconsideration, although they rely principally on California law, which no party argues is applicable to the Silvermans's claims against Wachovia, and Florida law. Accordingly, the parties have impliedly consented to the application of Florida law to the Silvermans's breach of contract claims against Wachovia.

15

Silvermans cannot state a plausible breach of contract claim against Wachovia under Florida law.

Moreover, contrary to the Silvermans's contention, the issue of for whose benefit the relevant provisions were included in the loan documents is determinable from the four corners of the loan documents and, thus, is a question of law. Although the Ninth Circuit has held otherwise, see Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 663 (9th Cir. 1998), the Second Circuit has contrarily held that "[w]hether a contract term is intended to benefit one or both parties is a question that the court must determine in the first instance by looking to the four corners of the agreement." Citadel Equity Fund Ltd. v. Aquila, Inc., 168 Fed. Appx. 474, 476 (2d Cir. 2006). In so holding, the Second Circuit expressly distinguished California law from New York law on the basis that "California law does not follow the 'four corners' rule as strictly as does * * * New York." Id. (citing Greenfield v. Philles Records, Inc., 98 N.Y.2d 562, 574, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002)). While neither California law nor New York law is controlling here, neither party has identified any case applying Florida law that has specifically addressed this issue and the Court was unable to find any. The one Florida case cited by the Silvermans in their reply brief merely finds that on the record in that case, the intent of the parties was not ascertainable from the four corners of the contract and that a conflict existed regarding the issue of for whose benefit the covenant at issue had been included in the contract, which raised a question of fact. American Ideal Management, Inc. v. Dale Village, Inc., 567 So.2d 497, 501 (Fla. App. 1990).

Nonetheless, Florida law follows the "well-settled principle of contract law that where the terms of a contract are unambiguous, the parties intent must be determined from the 'four corners' of the document." Misala, Inc. v. Eagles, 662 So.2d 1389, 1389 (Fla. 4th DCA 1995);

16

see also Burns v. Barfield, 732 So.2d 1202, 1205 (Fla. 4th DCA 1999). Under Florida law, "[c]onstruction of a contract is a matter of law." Burns, 732 So. 2d at 1205; see also Dows v. Nike, Inc., 846 So.2d 595 (Fl `a. 4th DCA 2003). Since Florida law, like New York law, strictly follows the "four corners" rule of contract interpretation, I find the Second Circuit's holding in Citadel to be more persuasive than the Ninth Circuit's holding in Wyler. Accordingly, I find that Judge Spatt appropriately determined as a matter of law that the relevant provisions of the loan documents were intended to benefit only the borrowers.

II. CONCLUSION

For the reasons set forth above, the Silvermans's motion for reconsideration of Judge Spatt's February 22, 2010 order is denied. The Silvermans are directed to file a second amended complaint in accordance with Judge Spatt's February 22, 2010 order and this order, and reflecting the subsequent dismissal of First Bank and the Grady defendants from this action, **on or before January 3, 2011,** or they will be deemed to have waived their right to file a second amended complaint. The filing of a second amended complaint, if any, will not affect the scheduling order entered by Magistrate Judge Tomlinson on November 15, 2010 and the parties are to proceed in accordance with that scheduling order and to comply with all deadlines set forth therein. The parties are directed to appear, with authority or persons with authority to settle this matter, before me in my courtroom located at 1010 Federal Plaza, Central Islip, New York, on

**March 1, 2011 at 11:00 a.m.** for a final pretrial conference. The parties are advised that the pretrial conference will not be adjourned absent extraordinary circumstances, that all discovery must be completed prior to that date and that the trial of this matter will be scheduled at that time.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 3, 2010
 Central Islip, New York